## State *v.* The Town of Norhfield.

In an indictment against a town, for the neglect of the selectmen to assess the three cent school tax, under the act of 1827, the duty of the selectmen and their neglect should be stated, and also that there was no legal excuse for such neglect.

In such indictment, it should be stated that the town had no funds equal to any part of the sum to be raised, if the neglect relied on is that the selectmen neglected to raise the whole tax.

THIS was an indictment, founded upon the statute of 1827, entitled, " An act to provide for the support of

State
*v.*
Northfield.

schools," for the neglect of the selectmen of the town of Northfield to assess the three cent tax required by said act.

The indictment is as follows ;—

'STATE OF VERMONT, *Washington County, ss.*—Be it
' remembered, that, at the county court begun and holden at
' Montpelier, within and for the county of Washington, on
' the third Tuesday of November, A. D., 1839 ;—

' The Grand Jurors within and for the body of the coun-
' ty of Washington aforesaid, now here in court, duly empan-
' nelled, charged and sworn, upon their oath, present, that the
' inhabitants of the town of Northfield, in Washington coun-
' ty aforesaid, without having other funds in said town for
' the support of schools, to as great an amount as would be
' raised by a tax of three cents on the dollar, assessed on the
' polls and rateable estate in said town, with force and arms,
' at Northfield aforesaid, did,on the thirty-first day of Decem-
' ber, A. D., one thousand eight hundred and thirty-eight,
' and at all times and days for the space of one full year then
' next preceding, wholly and totally omit and neglect, by
' their selectmen, and in all other ways, to assess a tax of
' three cents on the dollar of the list of the polls and rateable
' estate in said town, in the manner and for the purpose
' pointed out in the ninth section of an act, entitled 'An
' ' act to provide for the support of common schools,' passed
' November 9, 1827, contrary to the form, force and effect
' of the statute in that case made and provided, and against
' the peace and dignity of the state.'

Plea, not guilty, and trial by jury.

On the trial in the county court, it appeared that a tax of three cents on the dollar, on the list of 1838, would have raised the sum of $337.64 ; that the money received for rents of lands, appropriated for the support of schools, then on hand, amounted to $116.54, and the interest on the money of the United States, deposited with said town, amounted to $247.06, the two last sums amounting to more than the three cent tax would have raised upon the list of that year ; that the selectmen divided the money so receiv- ed for rent, and also the interest on the money so deposited with the town, in the same manner the three cent tax is re- quired by law to be divided, among the several school dis- tricts in the town, being a larger amount than the three cent

tax would have raised, but, aside from the interest money, $221.10 less than said tax would have raised. It further appeared, that the town, at their annual March meeting in 1838, voted to divide the interest on the money deposited with them, in the same manner other public moneys are, by law, required to be divided, for the support of schools.

The defendants insisted that, as the interest on the deposit money and the money received for rent of lands, appropriated for the support of schools, exceeded the amount which a tax of three cents on the dollar would have raised, and were appropriated to the support of schools in the manner above stated, the defendants were entitled to a verdict.

But the court decided that the appropriation of the interest of the deposit money, as above stated, did not excuse the town from raising the three cent tax, and so instructed the jury. The jury returned a verdict of guilty, and the defendants excepted to the decision and charge of the county court.

The defendants also moved in arrest of judgment for the insufficiency of the indictment, which motion the county court overruled, and the defendants, also, excepted to that decision.

*J. L. Buck,* for defendants.

I. It is the duty of towns to appropriate the interest annually accruing on the surplus money for the support of schools, and the manner in which it shall be divided must be prescribed by vote of the town. Statute, 1836, sec. 12.

The town having voted to divide it in the same manner the statute requires the three cent tax to be divided, it became " *other funds*" for the support of schools, within the true intent and meaning of the statute of 1827.

If the town had the right to control the division of the interest on the surplus by vote, having so controlled and applied it, in the manner set forth in the exceptions, they were excused, by law, from assessing the three cent tax or any part thereof, inasmuch as all their " other funds" exceeded in amount what the three cent tax would raise.

II. An indictment must contain such a description of the crime, that, without intending any thing but what appears, the defendant may know what he is to answer to, that the

WASHINGTON,
*March,*
1841.

State
*v.*
Northfield.

jury may be warranted in their verdict, and the court in their judgment or sentence.   Arch. Pl. & Ev. 42, 51.

The statute fixes the fine, in a case of this kind, at double the amount neglected to be raised by the town, and what is there in this indictmdnt which will enable the court to pass sentence agreeably to law ?   *Vide* Stat. 1827, sec. 18.

It should have been stated, in the indictment, what was the amount of the grand list ; what amount a tax of three cents on the dollar would raise, and what amount of other funds the town possessed ; or what amount it was necessary they should raise to make an amount equal to three cents on the dollar on the grand list.

And for want of all or any of the above named allegations, the court cannot, from aught that appears in the indictment, assess any fine on the town.

Again, it does not appear, from the indictment, that the town did not raise a tax for part of the amount of the three cent tax, and they had a right to omit raising a part, if they had any other funds.   Stat. 1827, sec. 9.

*H. W. Heaton*, for the prosecution.

I.   The instruction of the court, to the jury, that the interest on the United States deposit money did not become *other funds*, within the meaning of the statute, was correct, and in accordance with a previous decision of this court. *State* v. *Jericho*, 12 Vt. R. 127.

II.   As to the motion in arrest : It is sufficient if the indictment set forth those facts which constitute the offence, in such a manner that the court may see a definite offence on the record, and be enabled, from the record, after conviction, to decide whether the facts are sufficient to support conviction and warrant judgment. Also that the defendant may know what crime he is called upon to answer, and that he may be able to plead his conviction or acquittal, in bar of any subsequent prosecution for the same act, or neglect. 1 Chit. C. L. 168–9.

The offence being created by statute, and no particular form for the indictment being prescribed, it is sufficient if the offence be set forth with substantial accuracy, and certainty to a reasonable intendment.   *State* v. *Little*, 1 Vt. R. 331.   *United States* v. *Bachelder*, 2 Gall. R. 15.

The indictment first negatives the presumption that the <span>WASHINGTON,<br>*March,*<br>1841.</span> town had *other funds,* and then charges that the town omitted and neglected "to assess a tax of three cents on the dollar on the list of the polls and rateable estates in said town," in the precise words of the statute.  2 Vt. Stat. 139, sec. 9.

<span>State<br>*v.*<br>Northfield.</span>

Mere matter of evidence need not be set forth in the indictment.  1 Chit. C. L. 231.

The *amount* of the grand list constitutes no part of the offence, and can be regarded only as *matter of evidence* in enabling the court to determine the measure of punishment.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The charge of the court to the jury was in conformity to the decision of this court, in the case of *State* v. *Jericho,* and also to a previous decision of the court in Orleans, county in July, 1839, between a school district and the town of Glover.  The question, raised on exceptions taken to the proceedings of the court, on the jury trial, must be considered as settled by those determinations.

Another question is presented, as to the sufficiency of the indictment.  A motion in arrest was filed in the county court and overruled.  In an indictment, every fact and circumstance which is a necessary ingredient to constitute the offence, should be stated, and an omission to set forth such facts is fatal.  If all the facts stated in the indictment may be true, and still the person indicted not guilty of the offence charged, the indictment is insufficient, and no sentence or judgment can be pronounced thereon.

The statute, under which this indictment is found, makes it the duty of the selectmen of the several towns, previous to the first day of January in each year, to assess a tax of three cents on the dollar on the list of polls and rateable estate of such towns, the money, arising from which, is to be divided among the several school districts, according to the number of children in such districts between the ages of four and eighteen years.  If the town have other funds for the support of schools in such town, those funds are to be distributed in the same manner, and the selectmen may omit to assess such tax, if the funds are sufficient to produce a sum equal to the tax, or they may omit so much of the tax as is

Washington, March, 1841.

State
v.
Northfield.

equal to the sum produced by such funds, if they are sufficient to produce a part of the sum to be otherwise raised by tax. The vote of the town is required to assess the tax, but the duty, is laid upon the selectmen, and their neglect creates a forfeiture on the town.

In an indictment under the act, the duty of the selectmen should be stated, their neglect, and that there was no legal excuse for such neglect in consequence of the town having other funds in whole or in part.

This indictment is informal in not stating this duty and neglect of the selectmen, and in alleging the omission and neglect to raise the tax *wholly* as the fault of *the town.*

A more formidable objection, however, is, that the neglect is laid in not assessing the *whole* tax of three cents, without having other funds to as *great an amount* as would be raised by a tax of three cents; whereas the selectmen would not be under obligation to assess the *whole* tax of three cents, if they had other funds sufficient to produce a part of the sum which would be raised by such tax.

The facts set forth in this indictment may all be true, that is, that the town had not funds to as great an amount as would be raised by a tax of three cents, and the selectmen omitted to raise a tax to that amount; and yet the town may have other funds to produce a part of the sum which would be raised by such tax, and the selectmen may only have omitted to assess so much of said tax as was equal to the sum produced by such fund.

The indictment being insufficient in this particular, the judgment should have been arrested. The judgment of the county court, is, therefore, overruled and judgment arrested.